**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MURIEL GOODE-TRUFANT
*Corporation Counsel*

EVAN J. GOTTSTEIN
*Senior Counsel*
Phone: (212) 356-2262
Fax: (212) 356-3509
Email: egottste@law.nyc.gov

March 14, 2025

**VIA E.C.F.**
Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Wade v. the City of New York, et al., 23 Civ. 7310 (PKC)

Your Honor:

*[Handwritten annotation: There are only 35 days remaining in the discovery schedule. Defendants' request to file a Rule 12(c) motion and stay discovery is DENIED WITHOUT PREJUDICE to a pre-motion request to file a summary judgment motion after the close of fact discovery. SO ORDERED. /s/ [signature], USDJ 3-31-25]*

I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, and the attorney representing defendants City of New York, Peter Lumia, and James-Albert Santana in the above referenced matter. Defendants submit this pre-motion letter for their anticipated motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), and to respectfully request a stay of remaining discovery pending the outcome. The next case management conference in this case is currently scheduled for May 23, 2025, at 10:30 a.m.

**Factual Background**

Plaintiff alleges that her decedent, Uceff Wade, was arrested on October 4, 2019 for rape based on statements made by a complaining witness to the police. *See* Compl. ¶ 16, ECF No. 1. The Complaint attempts to plead a lack of probable cause by alleging that (1) there were discrepancies in the victim's account as to the date and time of the offense (*see* Compl. ¶¶ 18-19, 23), (2) the victim had a history of alcohol abuse (*see id.* ¶¶ 20, 22), and (3) the victim did not speak to the lead detective in person (*id.* ¶ 28). The Complaint does acknowledge, however, that the victim reported to Harlem Hospital on September 18, 2019, for unrelated reasons and mentioned at some point that she had been recently sexually assaulted. ¶ 20, 23. Social workers then connected the victim with Detective Peter Lumia from the NYPD's Manhattan Special Victims Section. ¶ 25. According to plaintiff, Detective Lumia did not visit the hospital in person and never reviewed the victim's medical records. ¶ 29. The Complaint also explicitly references text messages that the victim sent to Detective Lumia, in which plaintiff alleges the victim "acknowledged that she did not know whether Mr. Wade was a rapist even though her text message exchange with Detective Lumia occurred weeks after the alleged assault." ¶ 30. Specifically, that text message exchange occurred after Detective Lumia interviewed the victim over the phone, and he sent her a photograph of Mr. Wade and asked, "Do you recognize this

person." *See* Screenshot of Text Messages, annexed as Exhibit A. The victim then demonstrated a visceral reaction to seeing Mr. Wade's image, responding with "Thatd [sic] him," "My heart is beating fast," "Yes that's him," "That's him alright," "How do you have a pic of him," "Has he done this before," "Who is he really," "That's him," "He said he would put a bullet in my head. Is he a killer? A rapist? what?... how do you have his picture," "I mean I know he's a rapist because he raped me," "Wow," "Should I be afraid," and "I dont know who he knows." *Id.*

Plaintiff alleges that Mr. Wade was indicted for rape and sexual abuse, and was incarcerated on Rikers Island from October 4, 2019, until he was able to post bail on February 25, 2021. ¶ 33. Mr. Wade was ultimately acquitted at trial on May 25, 2022. ¶ 35. Plaintiff now brings this action under 42 U.S.C. § 1983 alleging claims of "unlawful detention and deprivation of liberty," false arrest, malicious prosecution, "denial of constitutional and statutory right to a speedy trial," failure to intervene, municipal liability, and state law claims of "abuse of power," false arrest, and negligent hiring, training, and retention. Defendants intend to move for judgment on the pleadings dismissing the Complaint in its entirety with prejudice.

**Basis for Defendants' Rule 12(c) Motion**

Defendants are entitled to judgment on the pleadings because plaintiff's Complaint and documents that are both incorporated in it by reference and integral to the allegations establish that there was probable cause supporting Mr. Wade's arrest and prosecution as a matter of law.

Nearly all of plaintiff's claims are defeated by the existence of probable cause to arrest/prosecute Mr. Wade for rape in the first degree (among other offenses) based on the statements the victim made to Detective Lumia over the phone and via text message.[1] The Court can consider these text messages on a Rule 12(c) motion because they are incorporated in the Complaint by reference, and they are integral to the allegations in the Complaint, and Detective Lumia's DD-5 Follow-Up Report documenting his telephone interview with the victim can be considered on a Rule 12(c) motion because it is also integral to the allegations of the Complaint, which specifically address the information that was reported to the detective. *See Obilo v. City Univ. of N.Y.*, No. 01-CV-5118 (DGT), 2003 U.S. Dist. LEXIS 2886, at *13 (E.D.N.Y. Feb. 28, 2003) (finding that police incident report, complaint report, DD5 of conversation with CW were proper for consideration on Rule 12 motion because they were implicitly referenced in complaint and/or central to allegations). Therefore, even just based on the pleadings, plaintiff's claims of false arrest, unlawful detention, malicious prosecution, failure to intervene, and municipal liability fail because there was objective probable cause supporting Mr. Wade's arrest and prosecution.

Additionally, plaintiff's claim for negligent hiring, training, and retention fail because plaintiff only alleges that the individual defendants were acting within the scope of their employment at all relevant times and does not attempt to plead in the alternative that any individual defendant acted outside of scope of his employment with the City. *E.g., Cerbelli v. City of New York*, No. 99-CV-6846 (ARR) (RML), 2008 U.S. Dist. LEXIS 109341, at *85

---

[1] Under N.Y. P.L. § 130.35(a), a person is guilty of rape in the first degree when he or she engages in vaginal sexual contact with another person…[b]y forcible compulsion."

2

(E.D.N.Y. Sept. 8, 2008) ("To maintain a claim against a municipal employer for 'negligent hiring, training, and supervision' of a tortfeasor under New York law, a plaintiff must show that the employee acted outside the scope of employment when committing the tort.") *report accepted by*, 2008 U.S. Dist. LEXIS 77335, at *2-4 (E.D.N.Y. Sept. 30, 2008). Last, plaintiff's *Monell* claim fails on the pleadings because (1) the Complaint does not sufficiently plead an underlying constitutional violation, and (2) it does not sufficiently plead specific *facts* to plausibly infer that any alleged constitutional violation was proximately caused by any municipal policy or custom, but rather relies on broad conclusory allegations. *See Demaitre v. City of New York*, No. 18-CV-12403 (PGG), 2020 U.S. Dist. LEXIS 189206, at *19-20 (S.D.N.Y. Oct. 11, 2020).

### Defendants' Request to Stay Remaining Discovery Pending Resolution of the Motion

Defendants also respectfully request a stay of remaining discovery pending the resolution of defendants' Rule 12(c) motion, and plaintiff consents to this request.[2] District courts have the discretion to stay discovery for good cause pursuant to Rule 26(c) pending the outcome of a dispositive motion. *Trustees of The New York City Dist. Council of Carpenters Pension Fund v. Showtime on the Piers LLC*, 19 Civ. 7755 (VEC), 2019 U.S. Dist. LEXIS 223677, at *3 (S.D.N.Y. Dec. 19, 2010) (internal citations omitted). In determining whether to stay discovery, district courts consider the following factors: (1) whether defendant has made a strong showing that plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. *Id.* (internal citations omitted). A stay of discovery is appropriate where the motion appears to have substantial grounds or does not appear to be without legal foundation. *Johnson v. N.Y. Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002). First, as set forth above, defendants have strong grounds for a motion for judgment on the pleadings, and if granted in its entirety, it would be fully dispositive of plaintiff's claims herein. Therefore, this factor weighs heavily in favor of a stay.

Second, a stay would benefit both sides by avoiding the burden and expense of burdensome discovery that may well prove unnecessary. *See Integrated Sys. & Power v. Honeywell Int'l*, 09 Civ. 5874 (RPP), 2009 U.S. Dist. LEXIS 78476, at *4 (S.D.N.Y. Sept. 1, 2009) (granting stay of discovery to potentially "avoid the need for costly and time-consuming discovery"); *Chesney v. Valley Stream Union Free Sch. Dist. No. 25*, 05 Civ. 5105 (DRH) (ETB), 2006 U.S. Dist. Lexis 22417, at *7-8 (E.D.N.Y. Mar. 28, 2006) (concluding that it would be "unreasonable and inappropriate to set a discovery schedule, as compliance with discovery would result in a substantial diversion of public resources, and that, by awaiting a decision on the motion, the areas of discovery might be substantially reduced, if not eliminated). If defendants' motion is granted, no discovery at all will be necessary. At the very least, obtaining a decision on

---

[2] Plaintiff states that he consents to a stay of remaining discovery *except* for audio recordings from the victim's Amazon smart speaker, or "Alexa" that were introduced as evidence at Mr. Wade's criminal trial. Defendants have explained to plaintiff that they are not currently in possession of any such audio recordings, but they have requested the New York County District Attorney's file of the underlying prosecution and have agreed to produce these audio files if they receive them from the DA's Office while defendants' motion is pending.

3

the defendants' motion to dismiss will reduce the amount of necessary discovery by eliminating non-meritorious claims.

Third, there is no prejudice to plaintiff if a stay is granted. A delay alone does not constitute prejudice. *See Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). In any event, any delay is greatly outweighed by the substantial burden of discovery that would be avoided if defendants' motion to dismiss is granted. To date, the parties have already exchanged the most essential discovery via Rule 26(a)(1) disclosures without undertaking in too great a burden. Additionally, plaintiff does not object to a stay of remaining discovery, except for audio recordings that defendants have agreed to produce if and when they receive those recordings from the New York County District Attorney's Office. Therefore, this factor also weighs strongly in favor of granting a stay of discovery while defendants' fully dispositive motion is pending.

**Conclusion**

For the foregoing reasons, defendants intend to move for judgment on the pleadings and respectfully propose the following briefing schedule: defendants motion due by April 29, 2025,[3] plaintiff's opposition due by May 29, 2025, and defendants' reply due by June 12, 2025. Defendants also respectfully request that the Court stay remaining discovery pending the outcome of defendants' anticipated motion.

Defendants thank the Court for its time and consideration of this application.

Respectfully submitted,

*Evan J. Gottstein*    /s/

Evan J. Gottstein
*Senior Counsel*
Special Federal Litigation Division

cc:    **Via ECF**
       *All Counsel of Record*

---

[3] Defendants understand that their proposed motion deadline is approximately six weeks away, but this proposed deadline is due to the undersigned's schedule in other matters, which includes a trial starting on March 17, 2025, which is expected to conclude by March 26, and then four other briefing deadlines and a multitude of depositions between March 28 and April 18.

4