UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
YASMIN WADE, as Administrator of the Estate
of Uceff Wade,

                        Plaintiff,

                                                                             23-cv-7310 (PKC)

          -against-                                                     ORDER

DETECTIVE PETER LUMIA, Shield No. 748,
as member of the New York City Police
Department, CITY OF NEW YORK,
DETECTIVE JAMES SANTANA, Shield No.
2699, as member of the New York City Police
Department, and JOHN AND JANE DOES 1
THROUGH 10, in their official capacities (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),

                       Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court has reviewed plaintiff's letter-motion seeking leave to file an Amended Complaint, defendants' letter in opposition and plaintiff's reply. (ECF 51, 54, 55.)

        The Court hereby ORDERS as follows:

        1.     Plaintiff has not shown good cause to modify the Scheduling Order and her motion to amend is denied. See Rule 16(b)(4), Fed. R. Civ. P. "[A] finding of 'good cause' depends on the diligence of the moving party." Parker v. Columbia Pictures Industries, 204 F.3d 326, 340 (2d Cir. 2000). Paragraph 3 of the Scheduling Order of December 2, 2024 required any motion for leave to amend to be made by January 2, 2025. (ECF 44.) Plaintiff urges that she has shown diligence because she seeks to amend prior to the close of discovery and after having

conducted an interview with decedent Uceff Wade's trial counsel in the underlying action, who provided additional facts relevant to the claims. (ECF 51 at 3.) This new information obtained from trial counsel relates to supplemental factual allegations regarding the recordings on the purported victim's "Alexa" device, the timing of that individual's 911 calls, the date of the claimed rape and evidence going toward what plaintiff views as the purported victim's lack of credibility. (Proposed Am. Compl't ¶¶ 16-19, 30, 32-33, 37-39 (ECF 51-2); ECF 51 at 2.) In opposition, defendants note that the trial transcript in the underlying case, which plaintiff cited in the initial disclosures, reflected the substance of these recordings and trial counsel's view of their significance. (ECF 54 at 2-3.) While plaintiff asserts that trial counsel provided information "outside of the trial transcript," aside from an unelaborated reference to the case's "complexity" (ECF 55 at 2), plaintiff does not explain why she waited until nearly two years after the filing of the complaint and well into discovery to seek additional information from trial counsel about the underlying action.

Because plaintiff has not shown good cause to amend the Complaint, the motion is denied.

2. Even if plaintiff had shown good cause, the motion would be denied as futile. See, e.g., Chunn v. Amtrak, 916 F.3d 204, 208 (2d Cir. 2019). While acknowledging that a claim for wrongful imprisonment contains the same elements as her time-barred false arrest claim, plaintiff urges that amendment would not be futile because the accrual date for a wrongful imprisonment claim does not begin until the plaintiff is acquitted. (ECF 55 at 3.) Thus, plaintiff urges that a wrongful imprisonment claim would be timely and meritorious. But a claim for wrongful imprisonment has a one-year limitations period. CPLR 215(3); Excell v. City of New York, 2012 WL 2675013, at *5 (E.D.N.Y. July 5, 2012); Booker v. State, 2024 WL 5403685, at

- 3 -

*2 (N.Y. Ct. Cl. Dec. 18, 2024).  Plaintiff was acquitted on May 25, 2022 (Compl't ¶ 35) and commenced this action on August 17, 2023, nearly three months after the limitations period expired.  A wrongful imprisonment claim would still be untimely.  As to the proposed abuse of process claim, the cited paragraphs of the proposed Amended Complaint do not set forth facts that describe how any defendant used legal process to compel performance or forbearance of some act or identify any defendant's collateral objective.  See Savino v. City of New York, 331 F.3d 63, 77 (2d Cir. 2003).  Accordingly, had plaintiff shown good cause to amend, the motion would be denied on grounds of futility.

       3.    Plaintiff's section 1983 claim for false arrest (Count Two) is voluntarily dismissed as time barred.  (See ECF 51 at 2.)

       4.    No amendment to the case caption is required, as the docket already reflects that Yasmin Wade has been substituted as plaintiff and that two of the individual defendants have been dismissed from the case.

       SO ORDERED.

_P. Kevin Castel_
United States District Judge

Dated: New York, New York
      July 1, 2025